UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QIAN CHEN, | |
| Plaintiff, | CASE NO. C19-1390-MJP |
| v. | REPORT AND RECOMMENDATION |
| UNIVERSITY OF WASHINGTON, | |
| Defendant. | |

Plaintiff Qian Chen, appearing pro se, filed an application to proceed *in forma pauperi*s (IFP) and a proposed civil complaint. (Dkt. 1.) He identifies the University of Washington as defendant, but both his IFP application and proposed complaint are otherwise blank. Chen also submitted a second IFP application, blank like the original, but accompanied by documents reflecting his eligibility for basic food assistance given his reliance on Supplemental Security Income. (Dkt. 3.) The undersigned, for the reasons set forth below, recommends plaintiff's IFP applications be denied and his complaint dismissed without prejudice.

The docket reflects plaintiff telephoned the Clerk of Court to advise he is visually impaired, does not receive written mail, and does not intend to file any additional documents in this case.

REPORT AND RECOMMENDATION
PAGE - 1

He also submitted a motion requesting "all communication and documents or statements related to the litigation . . . be submitted verbally via the telephone." (Dkt. 4.) A review of other court filings reveals numerous similarly deficient cases recently filed by plaintiff in this Court. *See Chen v. Human Rights Commission*, No. C19-1386-RAJ; *Chen v. Martinez*, No. C19-1387-RAJ; *Chen v. City of Seattle*, No. C19-1388-RSM; *Chen v. Cantwell*, No. C19-1389-JCC; *Chen v. Seattle Office for Civil Rights*, No. C19-1391-JCC; *Chen v. Department of Services for the Blind*, No. C19-1392-RAJ; *Chen v. Commissioner of Social Security*, No. C19-1424-MAT.

Although plaintiff indicates he is visually impaired and has difficulty accessing his mail, he previously filed and actively pursued IFP applications and complaints in this Court. *See Chen v. University of Washington*, No. C07-0055-RSM; *Chen v. United States Department of Education*, No. C07-0514-TSZ; *Chen v. University of Washington*, No. C08-0160-JLR; *Chen v. University of Washington*, No. C08-0426-JCC; *Chen v. Martinez*, No. C08-0427-RSL; *Chen v. University of Washington, et al.*, No. C11-2140-EFS. The docket also reflects plaintiff was able to obtain assistance from others in the filing of his currently pending cases. (*See* docket entry dated August 30, 2019 ("Plaintiff is visually impaired and faxed over his new case documents with the help of a person at his bank."))

Because he submitted blank IFP applications in this case, plaintiff arguably fails to make the financial showing required to proceed IFP. Moreover, even if plaintiff's eligibility to proceed IFP can be deduced from the additional documentation provided, the Court finds the IFP applications properly denied and this action subject to dismissal.

"'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Trust*,

821 F.2d 1368, 1370 (9th Cir. 1987)).  Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court may deny an IFP application and should dismiss a complaint if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.  An action is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, in failing to set forth any factual contentions whatsoever, plaintiff's proposed complaint fails to state a claim upon which relief may be granted and appears frivolous.  Also, while the allegations in the current matter remain unknown, they may be barred by res judicata given the Court's prior dismissal of plaintiff's claims against the University of Washington.  *See Chen v. University of Washington*, C07-0055-RSM; *Chen v. University of Washington*, C08-160-JLR; and *Chen v. University of Washington*, C08-0426-JCC.  Further, dependent on the type of claim, the University of Washington may be entitled to Eleventh Amendment immunity.  *See Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (Eleventh Amendment bars federal courts from hearing suits against an unconsenting state and the bar extends to state agencies and departments and applies whether legal or equitable relief is sought) (cited sources omitted); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997) (University of California is a "state agency" for purposes of sovereign immunity analysis); *Goodisman v. Lytle*, 724 F.2d 818, 820 (9th Cir. 1984) (implying the University of Washington was immune as an "arm of the state").  *But see Phiffer v. Columbia River Corr. Inst.*, 384 F.3d 791, 792-93 (9th Cir. 2004) (State not entitled to Eleventh Amendment immunity under either Title II of the Americans with Disabilities Act or the Rehabilitation Act).

Because of the above-described deficiencies in the IFP applications and proposed complaint, the request to proceed IFP should be DENIED and this case DISMISSED.  The

REPORT AND RECOMMENDATION
PAGE - 3

dismissal should be without prejudice to plaintiff's submission of an IFP application with a sufficient showing as to financial eligibility and a complaint stating a factually and legally sufficient cause of action against a proper defendant. A proposed order of dismissal accompanies this Report and Recommendation.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 27, 2019**.

DATED this 10th day of September, 2019.

Mary Alice Theiler
United States Magistrate Judge